Law Offices of Andrew P Rundquist SBN 262523
501 W Broadway Suite A144
San Diego CA 92101
(619) 992-9148
andrew@rundquistlaw.com

Attorney for Plaintiff
Mohammad Hedayati, Individually and
On Behalf of All Others Similarly Situated

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mohammad Hedayati, On Behalf of Himself and All Others Similarly Situated<br><br>Plaintiff,<br>vs.<br><br>Feldsott Lee Pagano & Canfield; Parkside Community Association, A Non-Profit Mutual Benefit Corporation; And Does 1-10, Inclusive<br><br>Defendants | **CLASS ACTION**<br><br>**1. FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692, ET SEQ.; AND,**<br><br>**2. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788 ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

Now COMES Plaintiff Mohammad Hedayati, individually and on behalf of all others similarly situated, brings this Class Action Complaint, by and through attorney THE LAW OFFICES OF ANDREW P RUNDQUIST, in its claim for damages against Defendant Feldsott Lee Pagano & Canfield ("Feldsott") and PARKSIDE COMMUNITY ASSOCATION, A NON-PROFIT MUTUAL BENEFIT CORPORATION ("Parkside HOA") and DOES 1-10, Inclusive.

## I.     INTRODUCTION

1.     This is a consumer action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et. seq., and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.  Congress intended the FDCPA to

1

eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who do refrain from using abusive debt collection practices are not competitively disadvantaged and to promote consistent State action to protect consumers against debt collections abusers.

    2.    In 15 U.S.C. § 1692(a)-(e), the U.S. Legislature made the following findings and purpose in creating the FDCPA:

<u>Abusive practices</u>. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

<u>Inadequacy of laws</u>. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

<u>Available non-abusive collection methods</u>. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

<u>Interstate commerce</u>. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

<u>Purposes</u>. It is the purpose of this title [15 USCS §§ 1692 et seq.] to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

    3.    In Calif. Civil Code § 1788.1(a)-(b), the California Legislature made the following findings and purpose in creating the Rosenthal Act:

(a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.

(2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard for the rights of the other.

(b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

4. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges any violations by Defendants were knowing and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendant in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

## II. VENUE AND JURISDICTION

8. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. §§1331 and 1337. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

9. Venue in this District is proper under 28 U.S.C. § 1391 because Defendants conduct business in this district, and Defendants attempted to collect a debt from Plaintiff who resides in this district.

10. Plaintiff is an individual and resident of Orange County, California. At all relevant times alleged herein, Plaintiff was and is the owner of the premises located at 5011 Corkwood Ln, Irvine California, which is located within the Parkside Community Association development. Plaintiff is a member of the Association.

11. Defendant Feldsott Lee Pagano & Canfield is a debt collection law firm engaged as a "debt collector" as defined by 15 U.S.C. § 1692a(6). Feldsott is engaged in the business of collecting debts in this State where Feldsott regularly collects or attempts to collect defaulted consumer debts owed or due or asserted to be owed or due another.

12. Feldsott collects or attempts to collect outstanding assessments and common expenses for condominium associations after the expenses have entered default. Feldsott

regularly litigates against consumers on behalf of condo associations to attempt to collect alleged debts.

13. Defendant Parkside HOA, Plaintiff is informed and believes, is a California Corporation and a mutual benefit corporation as defined by California Corporations Code § 7110 et seq., which owns and operates a common interest development, as defined by California Civil Code § 1351(b), commonly known as Parkside Homeowners Association. At all times alleged herein Parkside HOA was managed and represented by a Board of Directors, whose members at all times alleged herein were acting within the course and scope of their positions, or whose actions or statements were directed, approved, authorized, consented to, acquiesced in or ratified by Defendant Parkside HOA. At all times alleged herein, Defendant Parkside HOA employed a Managing Agent, as defined by California Civil Code § 1363.1, which at all times alleged herein acted within the course and scope of its position as Parkside HOA's Managing Agent, or whose actions or statements were directed, approved, authorized, consented to, acquiesced in or ratified by Defendant Parkside HOA.

14. Defendant DOE is an unknown individual or business entity engaged in the business of collecting defaulted consumer debt in this state. The true name of Defendant DOE is unknown to Plaintiff at this time and Plaintiff therefore sues said Defendant by such fictitious name. Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendant DOE was an individual, limited liability company, corporation or business entity of unknown form that has resided in, has done or is doing business in the state of California. Plaintiff will seek leave of the Court to replace the fictitious name of Defendant DOE with the true name when Plaintiff discover it. Plaintiff is informed and believes, and thereon alleges, that Defendant DOE is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6). Plaintiff is informed and believes, and thereon alleges, that Defendant DOE is vicariously liable to Plaintiff for the acts of Feldsott.

15. At all relevant times, each Defendant has committed acts, caused others to commit acts, ratified the commission of acts or permitted others to commit acts alleged herein and has made, caused, ratified or permitted others to make the untrue or misleading representations alleged herein.

### III.   FACTUAL ALLEGATIONS

16. Plaintiff owns and resides the property at 5011 Corkwood Ln, Irvine, CA (the

"Property"), a private residence.

17. In or around March 2012, Plaintiff incurred an alleged debt, in connection with the Property, to the Parkside HOA for past due monthly assessments stated to be owed in relation to the Property. The homeowner's dues were primarily for Plaintiff's personal, family and household purposes, and thus constitutes a debt per 15 U.S.C. § 1692a(5). These homeowner's dues were assessed for services Parkside HOA rendered in maintaining and improving the private residence and the common areas around the private residence. The HOA's services were for the benefit of the private residence and Plaintiff insofar as the services maintained and improved the aesthetic and infrastructure of the Common Interest Development, and thus maintained and improved the value of the private residence.

18. Defendant Parkside HOA hired The Perry Law Firm to institute a Judicial Foreclosure action; and on August 27th, 2015, The Perry Law Firm filed a Verified complaint in Orange County Superior Court assigned court file # 30-2015-00806689-CL-BC-CJC ("underlying debt collection lawsuit"). The named Plaintiff is this action is "Parkside Community Association, a non-profit mutual benefit corporation" and the named defendant is "Mohammad Hedayati".

19. "TO FORECLOSE REAL PROPERTY ASSESSMENT LIEN" is the first cause of action asserted in the debt collection lawsuit. Complaint "FOR DAMAGES FOR BREACH OF COVENANT" is the second cause of action asserted in debt collection lawsuit.

20. The debt collection lawsuit states the property subject to the action is commonly known as "5011 Corkwood Lane, Irvine, Ca."

21. The debt collection lawsuit states "Defendants have failed to pay the regular maintenance, special…or other assessments or duly-levied fines, and owe $7,635.26, all of which are at least thirty (30) days past due, as of 08/19/2015, and are presently payable and unpaid."

22. The debt collection lawsuit states "The principal amount…is accruing and increasing at the rate of $158.00 Monthly on the first day of each month from and after **3/16/2012**, and at the rate of $10.00 per month in late charges, plus interest at the rate of 10% per annum." Emphasis added.

23. The debt collection lawsuit prays the "Subject Property is encumbered by a mortgage in favor of plaintiff in the principal sum of $7,635.26…with interest at 10% per annum

from 3/16/2012…and that this amount be supplemented and increased at the rate of $158.00 from 8/19/2015, to the date of judgment…"

24. The debt collection lawsuit prays "…the Court decree the equitable mortgage referred to herein be foreclosed and that the usual decree may be made for the sale of Subject Property by the Sheriff or Marshall of Orange County, California."

25. On January 8th, 2016 default judgment was entered by the Court in the debt collection lawsuit.

26. On June 6th, 2016 via stipulation of the parties, Judge Corey Cramin entered an order setting aside the proof of service, Default and Default Judgment, and expunge the Abstracts of Judgment in the Judicial Foreclosure action.

27. Service of the summons, Judicial Foreclosure complaint and notice of lis pendens was effectuated in November 2016.

28. On December 12th, 2016, Andrew Rundquist, Esq. on behalf of his client Mohammad Hedayati filed his substitution of attorney in the underlying state court action.

29. On January 3rd, 2017, Perry Law Firm, on behalf of its client Parkside Community Association filed its dismissal of the "FORECLOSURE CAUSE OF ACTION."

30. On January 30th, 2017, Andrew Rundquist, Esq. on behalf of homeowner Mohammad Hedayati file its answer in the underlying state court action.

31. On December 22nd, 2017, at the Case Management Conference in the underlying state court action, the court set a trial date for 8/6/18.

32. On January 22nd, 2018, Defendant Feldsott filed and served its substitution of attorney whereby it was now the attorney of record in the underlying debt collection lawsuit

33. On July 25th, 2018 Defendant FELDSOTT on behalf of its client PARKSIDE recorded its "NOTICE OF DELINQUENT ASSESSMENT" with the Orange County Recorder's Office.   EX. 1

34. The NOTICE OF DELINQUENT ASSESSMENT demands payment for "assessments through 7/24/18, in the sum of $16,118.45, plus additional assessments and sums accruing after 7/24/18, and other charges to date including $30,853.00 in attorney's fees, $1,1189.15 in costs, $175.00 in release of lien fees and $50.00 in file set up fees, for a balance due of $48,385.60, plus interest and other penalties."

35. On July 27th, 2018 and while the underlying state court action remained at issue

6

with no judicial determination as to the prevailing party nor an award of attorney's fees nor costs, Defendant Feldsott, on behalf of its client Parkside sent via first class and certified mail its "RECORDATION OF LIEN" letter to Plaintiff. See Exhibit 2.

36. The Lien Recordation Letter is signed by Eric S. Canfield, Esq., attorney employed with Defendant FELDSOTT and informs Plaintiff unless he brings his account current within 30 days payment of $48,385.60 Parkside will proceed with further legal action, including but not limited to, foreclosure of the assessment lien, and an action for money judgment.

37. Lien Recordation Letter states:

**THE DEBT COLLECTOR IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE SUED FOR THAT PURPOSE.**

## DEFENDANT VIOLATED THE FDCPA AND RFDCPA BECAUSE IT FAILED TO PROVIDE PLAINTIFF WITH MANDATORY DISCLOSURES WITHIN 5 DAYS OF ITS INITIAL COMMUNICATION

32. The Lien Recordation Letter authored by Defendant FELDSOTT is a communication as defined in §1692(a) of the FDCPA.

33. The Lien Recordation Letter is in connection with an attempt to collect the alleged debt.

34. The Lien Recordation Letter is the initial communication between debt collector Defendant Feldsott and Plaintiff.

35. The Lien Recordation Letter is the only communication Defendant Feldsott sent to Plaintiff within 5 days of the initial communication.

36. The FDCPA unambiguously requires any debt collector---first or second---to send §1692g(a) validation notice within five days of its initial communication with a consumer in connection with the collection of any debt, unless the required information is contained within the initial communication. *Hernandez v. Williams, Zinman & Parham, PC* 829 F.3d 1068 (9th Cir. 2016).

37. Because the Lien Recordation Letter authored by Defendant Feldsott and authorized by Defendant Parkside did not contain the requisite disclosures, Defendants violated: 15 U.S.C. § 1692g(a)(3): Defendant failed to notify Plaintiff in its initial communication or within 5 days after the initial communication in writing a statement that unless the consumer,

7

within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

This section is incorporated into RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendants violated Cal. Civ. Code § 1788.17.

38. Because the Lien Recordation Letter authored by Defendant Feldsott and authorized by Defendant Parkside did not contain the requisite disclosures, Defendants violated: 15 U.S.C. § 1692g(a)(4): Defendant failed to notify Plaintiff in its initial communication or within 5 days after the initial communication in writing a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector in violation of 15 U.S.C. § 1692g(a)(4).

This section is incorporated into RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendants violated Cal. Civ. Code § 1788.17.

39. Because the Lien Recordation Letter authored by Defendant Feldsott and authorized by Defendant Parkside did not contain the requisite disclosures, Defendants violated: 15 U.S.C. § 1692g(a)(5): Defendant failed to notify Plaintiff in its initial communication or within 5 days after the initial communication in writing a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor in violation of 15 U.S.C. § 1692g(a)(5).

This section is incorporated into RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendants violated Cal. Civ. Code § 1788.17.

40. Because the Lien Recordation Letter authored by Defendant Feldsott and authorized by Defendant Parkside did not contain the requisite disclosures, Defendants violated: 15 U.S.C. § 1692e, which prohibits defendant from the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt.

This section is incorporated into RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendants violated Cal. Civ. Code § 1788.17.

41. Because the Lien Recordation Letter authored by Defendant Feldsott and authorized by Defendant Parkside did not contain the requisite disclosures, Defendants violated:

15 U.S.C. § 1692e(2)(A), which prohibits defendant falsely representing the character, amount, or legal status of any debt.

This section is incorporated into RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendants violated Cal. Civ. Code § 1788.17.

42. Because the Lien Recordation Letter authored by Defendant Feldsott and authorized by Defendant Parkside did not contain the requisite disclosures, Defendants violated: 15 U.S.C. § 1692e(10), which prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

This section is incorporated into RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendants violated Cal. Civ. Code § 1788.17.

43. Defendants, as a matter of pattern and practice, send initial written correspondence to alleged consumer debtors that are substantially similar or materially identical to the Lien Recordation Letter sent to Plaintiff on July 27th, 2018, which failed to notify Plaintiff that unless within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

44. Defendants, as a matter of pattern and practice, send initial written correspondence to alleged consumer debtors that are substantially similar or materially identical to the Lien Recordation Letter sent to Plaintiff on July 27th, 2018, which failed to notify Plaintiff that in order for Plaintiff to require Defendant to obtain verification of the debt and mail such verification to Plaintiff, Plaintiff must dispute the debt, or any portion thereof, in writing.

45. Defendants, as a matter of pattern and practice, send initial written correspondence to alleged consumer debtors that are substantially similar or materially identical to the Lien Recordation Letter sent to Plaintiff on July 27th, 2018, which failed to notify Plaintiff that in order for Plaintiff to require Defendant to provide the name and address of the original creditor, if different from the current creditor, Plaintiff must request the same in writing.

**DEFENDANTS VIOLATED THE FDCPA AND RFDCPA BECAUSE IT FAILED TO PROVIDE PLAINTIFF WITH A "PRE-LIEN LETTER" PRIOR TO RECORDING ITS ASSESSMENT LIEN ON JULY 25TH, 2018**

46. Per Civ. Code § 5660, at least thirty (30) days prior to recording an assessment lien on an owner's separate interest for delinquent assessments, late charges, interest, collection fees and costs owed by that owner to the association, the association is required to provide the

owner with a pre-lien letter ("intent to lien letter," "pre-lien notice," etc.) via certified mail.

47. The pre-lien letter must be sent to the owner of record via certified mail and include all of the following information:

*Description of Collection/Lien Enforcement Procedures*:
*Debt Calculation Method*
*Right to Inspect Records*
*Required Foreclosure Notice*
*Itemized Statement of Debt*
*Non-Liability for Association's Error*
*Right to Request Meeting to Discuss Payment Plan*
*Right to Request IDR*
*Right to Request ADR*
Civ. Code §§ 5660(a), 5660(b), 5660(c), 5660(d), 5660(e) and 5660(f).

48. At no time prior to the recording of the assessment lien on July 25th, 2018, did Defendants provide Plaintiff with its intent to lien letter as required by Civ. Code § 5660; Defendants are therefore barred from wrongfully encumbering Plaintiff's property.

49. Because Defendants failed to provide Plaintiff with its Pre-Lien Letter prior to recording its assessment lien, Defendants violated:

15 U.S.C. § 1692e, which prohibits defendant from the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt.

This section is incorporated into RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendants violated Cal. Civ. Code § 1788.17.

50. Because Defendants failed to provide Plaintiff with its Pre-Lien Letter prior to recording its assessment lien, Defendants violated:

15 U.S.C. § 1692e(2)(A), which prohibits defendant falsely representing the character, amount, or legal status of any debt.

This section is incorporated into RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendants violated Cal. Civ. Code § 1788.17.

51. Because Defendants failed to provide Plaintiff with its Pre-Lien Letter prior to recording its assessment lien, Defendants violated:

15 U.S.C. § 1692e(4), which prohibits the representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment,

attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

This section is incorporated into RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendants violated Cal. Civ. Code § 1788.17.

52. Because Defendants failed to provide Plaintiff with its Pre-Lien Letter prior to recording its assessment lien, Defendants violated:

15 U.S.C. § 1692e(5), which prohibits the threat to take any action that cannot legally be taken or that is not intended to be taken.

This section is incorporated into RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendants violated Cal. Civ. Code § 1788.17.

53. Because Defendants failed to provide Plaintiff with its Pre-Lien Letter prior to recording its assessment lien, Defendants violated:

15 U.S.C. § 1692e(10), which prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

This section is incorporated into RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendants violated Cal. Civ. Code § 1788.17.

54. Because Defendants failed to provide Plaintiff with its Pre-Lien Letter prior to recording its assessment lien, Defendants violated:

15 U.S.C. § 1692f, which prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

This section is incorporated into RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendants violated Cal. Civ. Code § 1788.17.

55. Because Defendants failed to provide Plaintiff with its Pre-Lien Letter prior to recording its assessment lien, Defendants violated:

15 U.S.C. § 1692f(1), which prohibits the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

This section is incorporated into RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendants violated Cal. Civ. Code § 1788.17.

56. Because Defendants failed to provide Plaintiff with its Pre-Lien Letter prior to recording its assessment lien, Defendants violated:

15 U.S.C. § 1692f(6), which prohibits taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—

(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;
(B) there is no present intention to take possession of the property; or
(C) the property is exempt by law from such dispossession or disablement.

This section is incorporated into RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendants violated Cal. Civ. Code § 1788.17.

57. As a result of Defendants' actions, Plaintiff has suffered actual damages by way of feelings of loss of security and loss of privacy, as well as intrusion upon seclusion, based upon in part of the wrongful encumbrance upon Plaintiff's property, being subjected to higher interest rates, denial of credit, including the ability to refinance.

58. Defendants, as a matter of pattern and practice, fail to provide alleged consumer debtors a Pre-Lien Letter prior to recording its assessment lien.

## IV. CLASS ACTION ALLEGATIONS

59. Plaintiff incorporates by reference all of the preceding paragraphs of this Complaint as though fully set forth herein.

60. Plaintiff brings this action on behalf of herself and all other similarly situated residents of California as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The Class that Plaintiff seeks to represent is defined as follows:

> All current or former California homeowners whose HOA accounts were transferred to Feldsott and where Feldsott either (1) failed to provide the mandatory disclosures within 5 days of its initial communication with a homeowner; or (2) recording an assessment lien without first providing a Pre-Lien Letter to the homeowner.

Excluded from the Class are: Defendants, its officers, directors and employees, and any entity in which Defendants have a controlling interest, the agents, affiliates, legal representatives, heirs, attorneys at law, attorneys in fact or assignees thereof.

61. Throughout discovery in this litigation, Plaintiff may find it appropriate and/or necessary to amend the definition of the Class. Plaintiff will formally define and designate a class definition when they seek to certify the Class alleged herein.

62. **Numerosity**. The members of the defined class are so numerous that individual joinder of all Class Members is impracticable. Plaintiff is informed and believes, and on that basis alleges, that there are hundreds of members in the Class, although the precise size of the Class has not yet been ascertained. Upon information and belief, the identities of Class Members are readily discernible using information contained in records in the possession or control of Defendants.

63. **Commonality.** Class-wide common questions of law and fact exist and predominate over questions affecting only individual Class members. Common questions include, but are not limited to:

a) Can Defendant omit from its initial communication or within 5 days thereof the mandatory FDCPA and RFDCPA disclosures; can Defendant record its assessment lien without first providing a homeowner a Pre-Lien Letter;

b) Whether Defendant's conduct violated the FDCPA;

c) Whether Defendant's conduct violated the RFDCPA;

d) Whether members of the Classes are entitled to the remedies under the FDCPA;

e) Whether members of the Classes are entitled to the remedies under the RFDCPA;

f) Whether members of the Classes are entitled to declaratory relief;

g) Whether members of the Classes are entitled to injunctive relief;

h) Whether members of the Classes are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDCPA;

i) Whether members of the Classes are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the RFDCPA; and,

j) Whether Defendant can satisfy the bona fide error affirmative defense.

64. **Typicality**. Plaintiff's claims are typical of the claims of the class. He was subjected to the same violations of state and federal law and seeks the same types of damages, penalties, and other relief on the same theories and legal grounds as the members of the class she seeks to represent.

65. **Adequacy of Representation**. Plaintiff is an adequate representative of the Class because (a) his interests do not conflict with the interests of the individual Class members he

seeks to represent; (b) he has retained counsel who is competent and experienced in complex class action litigation; and (c) he intends to prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of the Class.

66. **Superiority of Class Action**. A class action is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and the Class. Each Class Member has been damaged and is entitled to recovery due to Defendants' unlawful and unfair practices set forth above. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

67. This case is maintainable as a class action under Fed. R. Civ. P. 23 (b)(2) because Defendants acted or refused to act on grounds that apply generally to the class, so that final injunctive or declaratory relief is appropriate respecting the class as a whole.

68. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because question of law and fact common to the proposed Class predominate over any question affecting only individual members of the proposed Class, and because a class action is superior to other available methods for fair and efficient adjudication of this litigation.  Many Class Members' individual claims are too small to practically permit pursuit on an individual basis, even though the Class Members' rights have been violated by Defendants' practices. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments against Defendants' practices.

69. The Class is ascertainable because its members can be determined from Defendants' business records and/or the above definition of Class is sufficient to enable Class Members to identify themselves as Class Members.

## V. VICARIOUS LIABLITY

70. At all material times, Feldsott was as authorized agent of Parkside Community Association, and an attorney representing Parkside Community Association.

71. Pursuant to Pursuant to *Fox v. Citicorp Credit Services*, 15 F.3d 1507, 1505, the actions of the attorney are to be imputed to the client on whose behalf they are taken.

72. At all relevant times, the actions taken by Feldsott were in the scope of the agency relationship and in furtherance of Parkside Community Association interests, and therefore, imputed upon Parkside Community Association.

73. Prior to the debt collection activities described above, Parkside Community Association retained Feldsott as Parkside Community Association legal representative to collect on outstanding debt.

74. Feldsott's representation of Parkside Community Association, and all acts and omissions described above were conducted at the direction and control of Parkside Community Association, and thus, imputed on Parkside Community Association under the common-law agency doctrine of respondeat superior, and vicarious liability.

## VI. CLAIMS
### COUNT I: FAIR DEBT COLLECTION PRACTICES ACT –Asserted Against Defendant Feldsott Lee Pagano & Canfield

75. Plaintiff brings the first claim for relief against Defendant under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

76. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

77. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a (3).

78. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a (6).

79. The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by 15 U.S.C. § 1692a (5).

80. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

81. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### COUNT II: ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT—asserted against Defendants Feldsott Lee Pagano & Canfield and Parkside Community Association, A Non-Profit Mutual Benefit Corporation

82. Plaintiff brings the second claim for relief against Defendants under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§1788-1788.33.

83. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

84. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act.

85. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code §§ 1788.2(h).

86. Defendants are "debt collectors" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

54. The financial obligation alleged to be owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

87. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants as follows:

- That this action be certified as a class action on behalf of the Classes as requested herein;
- That Plaintiff be appointed as representative of the Classes;
- That Plaintiff's counsel be appointed as counsel for the Classes;
- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), for each plaintiff and putative class member;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), for each plaintiff and putative class member;
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), for each plaintiff and putative class member;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), for each plaintiff and putative class member;

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- Any and all other relief that this Court deems just and proper.

## VIII.   TRIAL BY JURY

88.   Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated August 20th, 2018                     Law Office of Andrew P Rundquist

By: /s/ Andrew P Rundquist
Andrew P Rundquist, Esq.
Attorney for Plaintiff
Mohammad Hedayati

DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE Plaintiff hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

By: /s/ Andrew P Rundquist
Andrew Rundquist (SBN: 262523)
Attorney for Plaintiff